UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BLOCKER FARMS OF FLORIDA, INC.,

Plaintiff,

v.                 6:13-cv-68

BUURMA PROPERTIES, LLC,

Defendants.

## ORDER

The Court twice has requested information from Blocker Farms of Florida, Inc. ("Blocker Farms") in order to aid its jurisdictional determination, and Blocker Farms twice has timely complied with the Court's requests. But Blocker Farms's latest submission raises, and leaves unanswered, additional questions regarding the Court's jurisdiction. Importantly, Blocker Farms's documentation of the citizenship of the parties reveals inconsistency regarding Cale Blocker's citizenship. Though Blocker Farms consistently has represented that Cale Blocker, Blocker Farms's member/manager, "is a resident and citizen of the State of Florida," ECF Nos. 54-2 at 2; 56 at 2, it also appears that Cale Blocker resided in Georgia as recently as September 30, 2010, ECF No. 56-2 at 3.

The Court of Appeals remanded this case for the Court "to determine if diversity existed at the time this action was filed." ECF No. 52 at 1. Blocker Farms's conclusory allegation of Florida residency simply is not sufficient to establish that Cale Blocker was, at the time Blocker Farms filed this action, a Florida citizen for the purpose of determining diversity jurisdiction. "Residence alone is not enough to establish citizenship for diversity purposes. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Rather, "[c]itizenship is equivalent to 'domicile'" and "[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . . ." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks omitted) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (quotation omitted)). Thus, "[d]omicile . . . generally requires two elements: (1) physical presence in a state; *and* (2) the intent to make the state one's home." *Tucker v. Thomasville Toyota*, 623 F. Supp. 2d 1378, 1381 (M.D. Ga. 2008) (emphasis added); *see also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

Accordingly, the Court **ORDERS** Blocker Farms, within fourteen days, to produce information showing Cale Blocker's domicile on the date it filed this action. To be clear, domicile is the place of a person's fixed home and a person may "have only one domicile." *Molinos Valle Del Cibao, C. por. A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011).

This 24 day of March 2015.



B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA